IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| PEDRO RIVERA, <br> a/k/a DENNIS GONZALES, <br><br> Plaintiff, <br><br> vs. <br><br> DON BELL, ROBERT LONG, <br> and KIM CHRISTOPHER, <br><br> Defendants. | Cause No. CV-05-165-M-JCL <br><br><br><br> FINDINGS AND RECOMMENDATION <br> OF U.S. MAGISTRATE JUDGE |

On October 7, 2005, Plaintiff Pedro Rivera filed this action under 42 U.S.C. § 1983. Rivera is proceeding pro se and in forma pauperis.

## I. Preliminary Screening

Pursuant to the federal statute governing proceedings in forma pauperis, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(A), (B).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe *pro se* pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Rivera's Allegations

Rivera submitted his Complaint with his motion to proceed in forma pauperis on October 7, 2005. The Complaint was not docketed at that time, presumably due to the pending motion for forma pauperis status. Consequently, when Rivera submitted more materials at some point, they were simply filed along with the

Complaint, in no particular order and with no indication as to when the Court received them. All of these documents have now been attached to the Complaint, arranged in approximate date order, and serially numbered.

Rivera contends that Defendant Bell, a law enforcement officer employed by the Confederated Salish and Kootenai Tribes of the Flathead Reservation, used excessive force in effecting his arrest outside the Cheers Bar in Pablo, Montana, and that there is audio evidence of this on the video tape of the arrest. See Compl. (doc. 4) at 4, ¶ IV.A.1. He also contends that Bell committed perjury when he told Rivera that he was not being arrested, id., and when Bell claimed that Rivera threatened him, id. at 5, ¶ V.

Rivera contends that, as a result of his arrest and the subsequent search of his residence for firearms, during which officers found a broken pipe and a bong, he and his girlfriend, Esther, were evicted from their housing, and apparently either he or Esther, or possibly both, lost college scholarships. Id.

Rivera was initially charged with threatening Bell, DUI, and driving with a suspended license. See Compl. at 22-23. Rivera also claims that Defendant Kim Christopher, a state district court judge, set excessive bail, id. at 4, ¶ IV.A.2, and failed to respond to grievances he filed while held at the county jail, id. at 8. He complains that Robert Long, the county attorney who prosecuted him, dropped the felony charge after 55 days and a

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

conversation with Rivera's lawyer. *Id.* at 4, ¶ IV.A.2.

Rivera pled nolo contendere to DUI and driving with a suspended license, but the charge that he threatened Bell was dropped. Compl. at 4, ¶ IV.A.2. Rivera says that he pled nolo contendere because he knew there was no evidence to support the charges against him. *See, e.g., id.* at 10, 11.

Along with his Complaint, Rivera submitted several letters, one addressed "To Whom It May Concern" and two to then-United State Magistrate Judge Leif B. Erickson, and several exhibits. Rivera's letters suggest that he also questions Justice of the Peace Chuck Wall's authority to set bail for a felony offense. *See* Compl. at 7. Finally, Rivera refers to other incidents involving other persons who are not named in his Complaint. He says, "Judge Hoppe let Mission Chief interfere in his courtroom in regards to Esther's van. I'll explain this," and he says "Jail Dr. for malpractice and Judge Christopher ignoring my grievance forms I will explain the situation in our appointment." *Id.* at 8.

### III. Analysis

Under the law that applies to his case, Rivera cannot state a claim against Defendants Christopher or Long. However, for the reasons set forth below, the Court concludes that he might state a claim against Defendant Bell. The Complaint will be served on Bell and he will be required to respond. If Rivera wants to pursue claims against other persons, he will have to file a separate

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

action.

### A. Officer Bell

#### 1. Excessive Force Claim

The provisions of the Federal Constitution do not constrain the authority of Indian tribes or, by extension, of persons who act under color of tribal law. *See Talton v. Mayes*, 163 U.S. 376, 382-85 (1896). Consequently, "no action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of [federal] constitutional rights under color of tribal law." *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983). Officer Bell is described as a "Tribal Police Officer." *See* Compl. at 3, ¶ III.B. Rivera cannot state a claim against Bell for acts Bell performs under color of tribal law.

However, Bell, as a tribal officer on the Flathead Reservation, worked under a Memorandum of Agreement that includes the Confederated Salish and Kootenai Tribes of the Flathead Reservation, the State of Montana, the counties of Flathead, Missoula, and Sanders, the cities of Hot Springs and Ronan, and the Town of St. Ignatius. *See* Renewal of Mem. of Agreement, Laws of the Confederated Salish-Kootenai Tribes, Codified, at 320 (revised April 15, 2003), *available at* http://www.ckst.org/gov/court-triballawcode.htm ("MOA"). The MOA provides, in part, that "[a] tribal officer may make an arrest of a non-Indian suspect only when

granted authority to do so by a non-tribal officer after the non-tribal officer indicates he or she is unable to assure he or she can be at the scene within thirty (30) minutes of the detention of the non-Indian suspect." *Id.* at 324, ¶ I.F.2.

Although the non-tribal officer's decision to arrest depends on the tribal officer's description of either the probable-cause basis for the arrest or exigent circumstances, *see id.* ¶ I.F(2)(a)-(b), it is clear that law enforcement officers of the Confederated Salish and Kootenai Tribes lack the authority to arrest non-Indians without specific authorization from a non-tribal, state or local officer. *Cf. Oliphant v. Suquamish Indian Tribe*, 435 U.S. 191, 212 (1978) ("Indian tribes do not have inherent jurisdiction to try and to punish non-Indians."). In fact, Bell swore out an affidavit stating that he "got OK to process 10-61 non-tribal from MHP 247." Compl. at 14, ¶ 6.

Thus, when Officer Bell arrested Rivera, he was at least arguably acting under color of state law. On that basis, the Court will require a response from Defendant Bell on the excessive force claim.

### 2. Perjury Claim

Generally speaking, perjury is "[t]he act or an instance of a person's deliberately making material false or misleading statements while under oath." Black's Law Dict. 1160 (7th ed. 1999). Under no definition did Bell commit perjury when he told

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

Rivera that he was not being arrested. There is no reason to think that, at the point when Bell made the statement, it was deliberately false or misleading. At any rate, Bell was not under oath. That claim should be dismissed.

As to Rivera's claim that Bell committed perjury when he said that Rivera threatened him, there are two constitutional provisions at issue. The first is the Fourth Amendment's guarantee against arrest without probable cause. However, the documents Rivera filed in support of his Complaint show that, even if he did not threaten Bell, he still would have been arrested for DUI. His Blazer was facing north in the southbound lane of Old Highway 93 and, when Rivera got out of the vehicle, his eyes were bloodshot, his speech was slurred, he staggered. No one else was in the vehicle. Bell had seen the vehicle moving on the highway just seconds before. See Compl. at 14, 16-19. Both probable cause and exigent circumstances supported arrest at that point. Since Rivera would have been arrested for DUI regardless of the alleged threat, his Fourth Amendment right was not violated.[1]  See, e.g., Hart v. Parks, 450 F.3d 1059, 1069 (9th Cir. 2006) (holding that plaintiff cannot maintain a false arrest claim if probable cause supported arrest).

---

[1] Moreover, Rivera says he pled guilty to DUI. Although he claims there was no factual basis for the plea, this Court cannot hear any claim that necessarily implies the invalidity of a conviction. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

The second constitutional provision that might be implicated in Rivera's perjury claim regarding the threat is the Fourteenth Amendment's guarantee of due process. *See, e.g., Briscoe v. LaHue*, 460 U.S. 325, 328 n.3 (1983); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 370 (9th Cir. 1998) ("it appears to be an open question whether allegations of perjury, without more, state a due process claim under § 1983."). Bell was the complaining witness and so is not entitled to absolute witness immunity. *See, e.g., Paine v. City of Lompoc*, 265 F.3d 975, 981 n.2 (9th Cir. 2001). Although Rivera has only his own knowledge and belief to support his contention, that fact does not preclude the action at this point. *Compare Newman v. County of Orange*, __ F.3d __, __, No. 04-56103, slip op. at 8901 (9th Cir. Aug. 7, 2006) ("To rebut the presumption of independent judgment [by the prosecutor] and to survive summary judgment ... a plaintiff must provide more than an account of the incident in question that conflicts with the account of the officers involved."). Rivera alleges that the videotape supports his account.

Additionally, Rivera's Complaint adequately alleges that he was injured by the purportedly false statement because it seems to underlie the high bail and Rivera's 55-day stay in jail as well as Justice of the Peace's decision to order a search of Rivera's residence for weapons. Consequently, Bell will be required to respond to this claim as well.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8

### 3. Mistreatment of Prisoners and Other State Law Claims

Mont. Code Ann. § 45-5-204 is a criminal statute. Rivera has no standing to compel the filing of criminal charges against Bell. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). The Court is not aware of any Montana Supreme Court decision making the criminal statute into a civil cause of action.

As to Rivera's claim under § 45-5-204, and to whatever extent Rivera might intend to make other claims under Montana tort law,[2] this Court should decline to exercise its supplemental jurisdiction on the grounds that application of such law, especially in the context of state and tribal relations, would be both novel and complex. *See* 28 U.S.C. § 1367(c)(1). Especially in the exceptional circumstances involving a non-Indian and a tribal officer's actions under color of state law, there are also compelling reasons to decline supplemental jurisdiction. *Id.* § 1367(c)(4).

If the District Court adopts this recommendation and dismisses Rivera's state-law claims, Rivera may file in state court within thirty (30) days of the District Court's ruling. *See id.* § 1367(d).

### B. Judge Christopher

It is not altogether clear whether Rivera intended to name

---

[2] This Court has no jurisdiction, supplemental or otherwise, to hear claims based on tribal law.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9

only Judge Christopher or whether he also intended to proceed against Justice of the Peace Chuck Wall. Regardless, the result here would be the same with respect to his allegations against both judges.

"Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). To lose this broad immunity, the judge must act "in clear absence of all jurisdiction." *Id.* For example, when a judge of a criminal court convicts a defendant of a nonexistent crime or convicts a defendant over whom he had no personal jurisdiction, *see Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (en banc), he retains his immunity, because he is still a judge of a criminal court.

Under Montana law, Judge Christopher clearly had jurisdiction. *See* Mont. Code Ann. § 3-5-302(1), (2) (2005). So did Justice of the Peace Wall. *Id.* § 3-10-303(1)(e) (conferring jurisdiction to act as "examining and committing courts"). Consequently, both are absolutely immune from suit.

As for Rivera's allegation that Judge Christopher did not respond to grievances he filed with her while he was at the Lake County Jail, the Judge had no obligation to respond. She is not in charge of the detention center. She referred the matter to "the medical staff at the detention facility w/ copies to the State + defendant's atty." Compl. at 32. Even that was above and beyond

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 10

the call of duty. Rivera has no claim on this basis.

### C. County Attorney Long

Long has absolute immunity against any liability that might otherwise arise from actions that are closely connected with the judicial phase of proceedings. *See, e.g., Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984). Decisions as to whether and how to prosecute an action, as well as statements made and positions taken in the course of litigation, are clearly made within the "judicial phase." *Compare, e.g., Imbler v. Pachtman*, 424 U.S. 409, 431 & n.33 (1976) (recognizing absolute immunity of prosecutor in initiating and presenting the State's case), *with Burns v. Reed*, 500 U.S. 478, 495 (1991) (declining to recognize absolute immunity of prosecutor in advising police about propriety of hypnotizing suspect and about existence of probable cause). Rivera does not allege any facts that would tend to show that Long acted in some capacity other than that of prosecutor and advocate of the State. The allegations fall squarely within the rule of *Imbler* and Long should be dismissed.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Supplemental jurisdiction over any and all state-law claims should be DECLINED pursuant to 28 U.S.C. § 1367(c)(1) and (4);

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 11

2. Rivera's claim that Bell committed perjury by telling him he was not being arrested should be DISMISSED WITH PREJUDICE;

3. Any claim that Bell violated Rivera's rights under the Fourth Amendment by allegedly making a false statement regarding Rivera's threat against him should be DISMISSED WITH PREJUDICE;

4. Rivera's claims against Defendants Christopher, Wall, and Long should be DISMISSED WITH PREJUDICE and those Defendants should be DISMISSED.

5. Any claims against any Defendants not named in the caption of the case, as set forth above, should be DISMISSED.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed within ten (10) days after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

DATED this 25th day of August, 2006.

_____
Jeremiah C. Lynch
United States Magistrate Judge