FILED
MISSOULA, MT
2007 MAY 8 PM 2 09
PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| PEDRO RIVERA, a/k/a DENNIS GONZALES, <br><br>  Plaintiff, <br><br> vs. <br><br> DON BELL, <br><br>  Defendant. | Cause No. CV-05-165-M-DWM-JCL <br><br><br> FINDINGS AND RECOMMENDATION <br> OF U.S. MAGISTRATE JUDGE |

This action comes before the Court on the Defendant's motion to dismiss. Plaintiff Rivera is proceeding pro se and in forma pauperis.

The Court prescreened Rivera's Complaint and issued Findings and Recommendation for dismissal of several claims and three defendants on August 25, 2006. *See* 28 U.S.C. § 1915(e)(2)(A), (B). The Court also issued an Order to serve the Complaint on Defendant Bell. *See* 28 U.S.C. § 1915(d). Chief United States District Judge Donald W. Molloy adopted the Findings and Recommendation on October 3, 2006.

On October 26, 2006, Defendant Bell filed a motion to dismiss the Complaint. Because Bell submitted documents in connection with his motion, the Court issued a Notice and Warning to Plaintiff, pursuant to *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). On December 19, 2006, Rivera filed a response to the motion. On December 29, 2006, Bell filed a reply.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

## I. Rivera's Allegations

The following description of Rivera's claims omits those that were dismissed by Judge Molloy on October 3, 2006.[1]

Defendant Bell is a law enforcement officer employed by the Confederated Salish and Kootenai Tribes of the Flathead Reservation. *See* Compl. (doc. 4) at 3, ¶ III.B. Rivera contends that Bell "beat [him]," *id.* at 4, ¶ IV.A.1, and "physically abused [him] while [he] was handcuffed," *id.* at 5, during or after placing him under arrest outside the Cheers Bar in Pablo, Montana. Rivera asserts that there is audio evidence of this on the videotape of the arrest. *See* Compl. at 4, ¶ IV.A.1. He also contends that Bell lied when he reported that Rivera threatened him, *id.* at 5, ¶ V. The exhibits that Rivera submitted with his Complaint state that Bell "[g]ot OK to process 10-61 non-tribal from MHP 247." *Id.* at 14; *see also id.* at 17.

Rivera contends that, as a result of his arrest and the subsequent search of his residence for firearms, during which officers found a broken pipe and a bong, he and his girlfriend, Esther, were evicted from their housing, and apparently either he or Esther, or possibly both, lost college scholarships. *Id.* at 5, ¶ V.

Rivera was initially charged with threatening Bell, DUI, and driving with a suspended license. *See* Compl. at 22-23. Rivera pled nolo contendere to DUI and driving with a suspended license, but the charge that he threatened Bell was dropped. Compl. at 4, ¶ IV.A.2.

---

[1] "It is settled that the allegations of [a pro se litigant's complaint] however inartfully pled are held to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotations omitted; brackets in *Eldridge*). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court is required to advise Rivera of technical pleading defects that would result in dismissal and to give him an opportunity to amend his pleading to cure the defects. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Rivera asserts claims under "Amendment IV 1791," *id.*, and "for violation of my civil rights," *id.* at 9.

## II. Defendant's Motion to Dismiss

A motion to dismiss may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Violation of a Federal Right

Bell states that "it is not clear . . . under which civil or constitutional provision the excessive force claim is alleged, [but] Defendant assumes it is 28 [sic] U.S.C. § 1983." Def.'s Br. in Supp. at 3. Bell also states – without analysis – that he does not believe that Rivera's claim that Bell made a false report implicates the Fourteenth Amendment. *Id.*

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A claim that an officer physically abused an arrestee while the arrestee is handcuffed is an allegation of excessive force. Excessive force claims fall under the Fourth Amendment, as incorporated upon the States by the Fourteenth Amendment. *See, e.g., Tennessee v. Garner*, 471 U.S. 1, 7-22 (1985); *Graham v. Connor*, 490 U.S.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

386, 395 (1989), *cited in* Def.'s Br. in Supp. at 9, 16;[2] *Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc). An excessive force claim is not resolved by the legality of the arrest. "[I]t is plain that reasonableness depends on not only when a seizure is made, but also how it is carried out." *Garner*, 471 U.S. at 8. Rivera's excessive force claim adequately alleges a violation of his federal rights.

The Fourteenth Amendment's guarantee of due process *might* apply to Rivera's perjury claim regarding the threat. *See, e.g., Briscoe v. LaHue*, 460 U.S. 325, 328 n.3 (1983); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 370 (9th Cir. 1998) ("it appears to be an open question whether allegations of perjury, without more, state a due process claim under § 1983."), *quoted in* Findings and Recommendation (doc. 5) at 8. As the cases cited in *Moreland* show, whether Bell was in fact the "complaining witness" may be significant. Whether Bell's report of the threat caused Justice of the Peace Wall to set Rivera's bail at a high amount or his decision to authorize a search of Rivera's residence for weapons may also be significant. Rivera adequately alleges these facts, but he has not yet been required to submit proof in support of them. Without knowing the factual contours of the issue, the legal question cannot be decided reliably or efficiently at this time.

### B. Action Under Color of State Law

Bell asserts that he did not act under color of state law because he is a tribal officer.[3]

---

[2] Bell claims that *Graham* supports the proposition that "Because Officer Bell legitimately arrested Rivera, he retains qualified immunity from prosecution." Def.'s Br. in Supp. at 9. It does not. *Graham* holds that excessive force claims must be analyzed under the reasonableness standards of the Fourth Amendment and not under the substantive due process component of the Fourteenth. *See Graham*, 490 U.S. at 399.

[3] It is clear that no action lies against Bell under 42 U.S.C. § 1983 for actions he took under color of *tribal* law. *See R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983), *cited in* Findings and Recommendation (doc. 5) at 5.

Whether a defendant acts under color of state law is a question of fact. *See, e.g., Gritchen v. Collier*, 254 F.3d 807 813 (9th Cir. 2001); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam); *Howerton v. Gabica*, 708 F.2d 380. 383 (9th Cir. 1983). A defendant acts under color of state law if he "exercise[s] power 'possessed by virtue of state law and made possible only because the [alleged] wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Bell arrested Rivera for driving under the influence. In the course of making a report about the arrest, Rivera alleges, Bell falsely stated that Rivera had threatened him. Bell knew Rivera to be "non-tribal." He sought and obtained authority from a Montana Highway Patrol officer to arrest Rivera. *See* Compl. at 14, ¶ 6. Rivera's allegations support an inference that Bell was acting in concert with a state officer, *see Evans v. McKay*, 869 F.2d 1341, 1348 & n.9 (9th Cir. 1989), and that he was performing a public function that is both traditionally and exclusively the province of the State, *see, e.g. Evans v. Newton*, 382 U.S. 296, 299 (1966); *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982); *Lee v. Katz*, 276 F.3d 550, 554-55 (9th Cir. 2002). In short, Rivera adequately alleges that Bell was clothed with the authority of state law.

### C. Capacity and Scope of Employment

Although Bell's argument on this point is not entirely clear, he apparently contends that he is entitled to dismissal if he acted in his official capacity and that, if Rivera is suing Bell in his individual capacity, Bell acted outside the scope of his employment. *See* Def.'s Br. in Supp. (doc. 13) at 4. However, whether a defendant is sued in his official or individual capacity under § 1983 is not the same question as whether the defendant acted within or outside the scope of his

employment.

Official-capacity suits under § 1983 reconcile the Eleventh Amendment with Congress's imposition of civil liability on persons who violate civil rights while acting under color of state law. *See, e.g., Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Although the named defendant in an official-capacity suit for injunctive relief is a natural person, the real party in interest is the governmental entity of which the named defendant is the agent.[4] Consequently, in an official-capacity suit, the plaintiff must show that the governmental entity engaged in or approved or ratified a policy, custom, or practice that played a role in the violation of the plaintiff's federal rights. *See Hafer*, 502 U.S. at 25. Here, unless Bell is a tribal official with final authority to make policy governing the manner in which all tribal officers effect arrests or make reports, he does not have an official capacity under § 1983. *See id.; see also Graham*, 473 U.S. at 166; *Jet v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). Additionally, Rivera's Complaint does not allege that Bell set policy for all tribal officers. Therefore, Rivera's allegations are not directed at Bell in his official capacity.

"Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer*, 502 U.S. at 25. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000). Rivera

---

[4] For this reason, a state official sued in his or her official capacity for money damages is not a "person" within the meaning of § 1983. *See, e.g., Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); *Hafer*, 502 U.S. at 27. Otherwise, § 1983 would run afoul of the Eleventh Amendment. A state official sued in his or her official capacity for injunctive or equitable relief, however, is a "person" under § 1983. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989); *Ex parte Young*, 209 U.S. 123, 159-60 (1908). Likewise, a state official sued in his or her individual capacity for money damages is a "person" under § 1983. *Hafer*, 502 U.S. at 27-28.

alleges that Bell used excessive force in arresting him and falsely claimed that Rivera threatened him. Those claims, by their nature, are claims against Bell in his individual, or personal, capacity.[5] They allege that Bell personally committed certain acts, not that a policy or custom resulted in a violation of his rights.

However, the fact that Rivera sues Bell in his individual capacity does not mean that Bell acted outside the scope of his employment. If it were a defense that an officer acts outside the scope of his employment if he violates someone's civil rights while working, § 1983 would be a dead letter. No one ever could "depriv[e]" anyone "of any rights, privileges, or immunities secured by the Constitution and laws" while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983; *see also Anderson v. Warner*, 451 F.3d 1063, 1069 (9th Cir. 2006). Thus, to assert that Rivera might be "suing Officer Bell in his individual capacity for acting outside the scope of his employment," Def.'s Br. in Supp. at 4, misconstrues both § 1983 and Rivera's allegations.[6] Liberally construing Rivera's allegations, as the Court is required to do, *see* Findings and Recommendation (doc. 5) at 2, Rivera is suing Bell in his individual capacity for using excessive force and making a false report while acting within the scope of his employment as a tribal officer at the instance of a state officer. *See* Compl. at 4, ¶ IV.A.(1), (2); *id.* at 5, ¶¶ V-VI. That is an action authorized by § 1983. *See, e.g., Evans*, 869 F.2d at 1348 & n.9.

---

[5] *See also* Compl. at 4 ("a[n] individual lawsuit"); *id.* at 9 ("I would like to be put on a court [docket] in regards to filing an individual law suit against Officer Don Bell for violation of my civil rights.").

[6] It is possible for a court to find that a defendant was not acting under color of state law because he was acting outside the scope of his employment. An officer who was "pursuing his own goals and was not in any way subject to control by his public employer," *and* who did not purport or pretend to act under color of law, could not have been acting under color of law, despite his employment as an officer. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996) (discussing *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1151 (3d Cir. 1995); *Screws v. United States*, 325 U.S. 91, 111 (1945) (plurality op.)). Rivera's allegations do not fall into that category.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

### D. The Memorandum of Agreement

Bell asserts that a Memorandum of Agreement between the State and the Tribes does not make him liable under § 1983. Whether the MOA makes any provision regarding civil liability is irrelevant. As Bell points out, the MOA provides that "each party shall remain liable for the acts, errors, or omissions of their officers and employees acting under this Agreement *to the same degree that they are currently liable*. No party assumes liability for the acts, errors, or omissions of officers and employees of other parties." Def.'s Br. in Supp. at 6 (quoting MOA at 327, § III.H) (emphasis added). Again, a person who violates anyone's civil rights while acting under color of state law may be sued under § 1983. Neither Rivera's federal constitutional rights nor the scope of 42 U.S.C. § 1983 is affected by an agreement reached among the Tribes, the State, and/or the United States. Rivera's allegations would state a claim on which relief may be granted even if the MOA were not in place.

### E. Rule 19, Sovereign Immunity, and the Federal Tort Claims Act

Bell claims that the action should be dismissed because Rivera cannot join the Tribes or the State on grounds of their sovereign immunity. He also asserts that the United States is an indispensable party and that other individual defendants, who have already been dismissed, are also indispensable. He argues, "Officer Bell acted only pursuant to contracts between these parties, not on his own. He should not be held solely liable, if indeed Rivera's rights were violated. To do so will unduly prejudice him." Def.'s Br. in Supp. at 15. Bell also contends that the Tribes have an interest in the action "pursuant to the doctrine of *respondeat superior*." *Id.* at 11.

There is no *respondeat superior* liability under § 1983. *See Monell v. Dep't of Soc. Servs.*,

436 U.S. 658, 691 (1978) (holding that a "person" subject to suit under § 1983 "cannot be held liable ... on a respondeat superior theory."); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rivera has not sued either the State of Montana or the Confederated Salish and Kootenai Tribes. They are not parties to the action. No rights or obligations belonging to them will be adjudicated in this action. The Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, applies to claims brought against a federal official or employee or the United States. Rivera has not sued any federal official or employee or the United States. The FTCA plays no role in this case.

Fed. R. Civ. P. 19 provides that a party shall be joined in an action if that party's joinder "will not deprive the court of jurisdiction over the subject matter of the action" and:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Rivera alleges that Bell used excessive force in effecting his arrest and lied when he claimed that Rivera threatened him. These acts were not required by the MOA. Rivera does not challenge the constitutionality of the MOA or any act by any of the signing parties. Rivera does not claim that anyone other than Bell violated his civil rights. A State is not an indispensable party when a plaintiff seeks relief under § 1983 against a corrections or highway patrol officer. A county is not an indispensable party when a plaintiff sues a deputy sheriff under § 1983. The United States is not an indispensable party when a plaintiff sues a federal law enforcement officer under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). There is no reason

why the Tribes or the State or the United States should be an indispensable party here.

Bell also asserts that Rivera cannot proceed against him because the other defendants named by Rivera were dismissed. *See* Def.'s Br. in Supp. at 12. Those defendants' dismissal has no bearing on whether Rivera can state claims against Bell for excessive force or making a false statement in his report. Even where one defendant is dismissed on grounds of immunity from suit, other defendants who are sued for the same acts but who lack immunity are not entitled to dismissal. *See Dennis v. Sparks*, 449 U.S. 24 (1980) (holding that private parties acted under color of state law and were subject to suit under § 1983 where they bribed state court judge, despite judge's dismissal based on judicial immunity). Here, however, the case is more stark. Not only is Bell not entitled to the same immunities as prosecutors or judges, but Rivera's allegations against Bell arise from different facts than he alleged against the other defendants.

### F. Rivera's Admission of the Threat

Bell contends that Rivera admitted that he threatened Bell. He points to a handwritten notation on a copy of the Information filed against Rivera in state court, which Rivera submitted with his Complaint as an exhibit. Between the lines of Count I of the Information, alleging that Rivera threatened Bell for the purpose of influencing him in his duties, the phrase "did not do it purposely he was intoxicated" is written. *See* Compl. at 23.

Rivera flatly says in his Complaint that he did not threaten Bell. *See* Compl. at 5. However, Rivera's repeated contention that Bell "lied" is consistent with an allegation that Bell falsely stated that he believed Rivera intended to influence him. In addition to the exhibit pointed out by Bell, another exhibit supports this interpretation. *See* Compl. at 26-27 (motion to dismiss filed in state

criminal case). Moreover, the Court specifically advised Rivera that "[i]n response to [Bell's] motion, you may argue that the facts set forth by defense counsel mean something other than what defense counsel says they mean." Notice and Warning to Plaintiff (doc. 16) at 2. Rivera's response does not address the admission. Therefore, Bell's motion to dismiss is well-taken in this respect. Rivera's claim that Bell violated his Fourteenth Amendment right to due process by making a false report should be dismissed.

### G. The Videotape

Bell also claims that the videotape shows that he used reasonable force in arresting Rivera. Whether Bell used excessive force is a fact question. Bell's description of how the arrest occurred, *see* Def.'s Br. in Supp. at 17, as well as his claim that the video supports the legality of the arrest, *id.*, are assertions of fact that cannot be resolved on a motion to dismiss. At any rate, Rivera alleges that the actions of which he complains occurred, so to speak, off-screen. "In the video it shows Officer Bell *removing us from the video* in his car and beat me and can hear it." Compl. at 4, ¶ IV.A.1 (emphasis added). The videotape does not support Bell's motion to dismiss.

### H. Relief Requested

Bell interprets Rivera's Complaint to request Bell's termination as a tribal police officer. *See* Def.'s Br. in Supp. at 7. While the interpretation is understandable, it is more accurate to say that Rivera's "Relief" section, *see* Compl. at 5, ¶ VI, contains statements of Rivera's opinion about Officer Bell. It does not request a judicial remedy against Bell.

Fed. R. Civ. P. 8(a)(3) requires a plaintiff to make "a demand for judgment for the relief the plaintiff seeks." At this point, Rivera's Complaint does not give Bell adequate notice of the type of

relief the Rivera seeks against him. *See, e.g., Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1098 (9th Cir. 2001). Rivera must request at least one type of relief – money damages, an order directed to Bell to do or refrain from some specific act, declaratory judgment, or such like – that does not require action or participation from any person or entity other than Bell.

Based on the foregoing, the Court enters the following:

### ORDER

1. On or before **May 18, 2007,** Rivera shall file a document of no more than two (2) pages containing his request for at least one type of relief – money damages, an order directed to Bell to do or refrain from some specific act, declaratory judgment, or such like – that does not require action or participation from any person or entity other than Bell.

2. Defendant Bell shall file an Answer to the Rivera's excessive force claim within ten working days of Rivera's service of his Request for Relief.

### RECOMMENDATION

Defendant Bell's motion to dismiss (doc. 12) should be GRANTED as Rivera's claim that Bell falsely reported that Rivera threatened him and DENIED on all other grounds.

Rivera must immediately notify the Court of any change of address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without further notice.

DATED this 7th day of May, 2007.

_____
Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 12